UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS BRIAN JORDAN ,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:14-CV-01018-MHH |
| } | |
| **HELIX SYSTEMS, INC. ,** } | |
| } | |
| **Defendant.** } | |
| } | |

## MEMORANDUM OPINION

Plaintiff Thomas Brian Jordan worked for defendant Helix Systems, Inc. in the field of information technology. Mr. Jordan filed this lawsuit on May 30, 2014, claiming that Helix failed to pay him overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. The parties have agreed to settle Mr. Jordan's FLSA claims, and they have asked the Court to review the terms of the proposed settlement. The Court approves the settlement because it is a fair and reasonable compromise of a bona fide dispute.

**I.     Factual and Procedural Background**

Mr. Jordan alleges that Helix violated the FLSA by failing to pay him overtime. (Doc. 1). Mr. Jordan claims that Helix did not pay him an overtime

premium for hours worked in excess of 40 hours while he worked in the position of I.T. Support. (Doc. 1, ¶ 9). Additionally, Mr. Jordan asserts that while he worked as I.T. Manager, Helix misclassified him under 29 U.S.C. § 213(a)(17), a provision of the FLSA that exempts certain computer employees from the overtime provisions of the FLSA. (Doc. 1, ¶ 46).

Helix filed its answer to Mr. Jordan's complaint on July 16, 2014. (Doc. 8). In its answer, Helix denied Mr. Jordan's claims and asserted that it properly classified Mr. Jordan as an exempt employee under § 213(a)(17). (Doc. 8).

After engaging in settlement discussions and negotiations, the parties filed a joint motion for court approval of their proposed FLSA settlement. (Doc. 11). The settlement provides that Helix will pay Mr. Jordan $20,358.00. (Doc. 11-1, ¶ 2). That amount consists of $7,250, minus tax withholdings, for claimed and disputed unpaid overtime wages; $7,250 for claimed and disputed liquidated damages; and $5,858 for claimed attorney's fees and costs. (Doc. 11-1, ¶ 2).

## II. Discussion

### A. The Fair Labor Standards Act

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.' Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular

wages." *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a). Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.''" *Barrentine*, 450 U.S. at 739 (emphasis in original). In doing so, Congress sought to protect "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

If an employee proves that his employer violated the FLSA, then the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputedly owed under the

FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353; *see also Hogan*, 821 F. Supp. 2d at 1281–82.[1] "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide should also enable the Court "to ensure that employees have received all uncontested wages

---

[1] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." 679 F.2d at 1352-53 (footnotes omitted). The Eleventh Circuit reiterated the import of *Lynn's Food* in *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).

**B.     The Settlement Agreement is a Fair and Reasonable Resolution of a Bona Fide Dispute.**

The parties' settlement represents the resolution of a bona fide dispute between the parties. The parties disagree about whether Mr. Jordan was exempt from overtime payments under the FLSA's computer employee exemption. That exemption states:

> **(a) Minimum wage and maximum hour requirements**
>
> The [minimum wage and maximum hour requirements] shall not apply with respect to—
> . . .
>
> **(17)** any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is—
>
>> **(A)**   the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;
>>
>> **(B)**   the design, development, documentation, analysis, creation, testing, or modification of computer systems or

5

> programs, including prototypes, based on and related to user or system design specifications;
>
> **(C)** the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
>
> **(D)** a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour.

29 U.S.C. § 213(a)(17).

The parties dispute whether Mr. Jordan's duties and the nature and extent of his discretion as an employee bring him within the computer employee exemption. (Doc. 11, p. 7). At the hearing on the parties' motion to approve their settlement, the parties noted the scarcity of case law interpreting the computer employee exemption. The parties agree that the discovery necessary to fully support claims and defenses related to the computer employee exemption would be time-consuming and costly for both parties. (Doc. 11, p. 8). Therefore, the Court finds that there is a bona fide dispute between the parties. Under the circumstances of this case, it is appropriate for the parties to seek an early resolution of their dispute so that they may forego the expense of detailed discovery and briefing concerning the application of the exemption.

The Court also finds that the parties' settlement is fair and reasonable. The settlement in this case is the product of arms-length negotiations between the

parties' attorneys. (Doc. 11, p. 6). Helix provided Mr. Jordan with a pay summary showing the number of hours Mr. Jordan worked in excess of 40 hours a week and the amount Mr. Jordan could recover if he prevailed in this lawsuit. (Doc. 11, p. 6). The settlement payment to which the parties have agreed is a fair compromise of disputed back wages and liquidated damages. (Doc. 11-1, ¶ 2). The settlement also covers Mr. Jordan's attorneys' fee and the court filing fee. (Doc. 11-1, ¶ 2). The parties agree that the total amount that Mr. Jordan will receive under the terms of the settlement exceeds the amount of back pay that Mr. Jordan could recover in this action. (Doc. 11, p. 7). Therefore, the Court finds that the settlement is fair and reasonable.

With respect to the settlement agreement itself, the Court pays special attention to paragraphs 4 and 5 of the agreement. Those paragraphs contain broad release language that could hinder the goals of the FLSA. *Hogan*, 821 F. Supp. 2d at 1284 (stating that pervasive release language in an FLSA settlement is "overbroad and unfair" and should be "closely examined"). Paragraph 4 contains a waiver of all claims arising out of Mr. Jordan's employment with Helix up to the date of the agreement. (Doc. 11-1, ¶ 4). Paragraph 5 contains a covenant not to sue over alleged misconduct preceding the date of the settlement agreement. (Doc. 11-1, ¶ 5). At the hearing on the parties' joint motion, Mr. Jordan's counsel stated that he spoke with Mr. Jordan about other claims that Mr. Jordan potentially might

assert against Helix and the impact of the covenant not to sue.  Based on counsel's representations, the Court finds that Mr. Jordan knowingly and willingly signed the waiver provision.  *See Hogan*, 821 F. Supp. 2d 1274, 1284 (M.D. Ala. 2011) (assuming an employee can waive independent claims in settling an FLSA action, "the court must be convinced that the employee has a full understanding of what he is releasing in exchange of a settlement award.").  Therefore, the release language in paragraphs 4 and 5 will not hinder the settlement.

### III. Conclusion

Based on the Court's review of the proposed settlement agreement and the information that the parties submitted at the hearing in this matter, the Court finds that there is a bona fide dispute regarding Mr. Jordan's FLSA claim, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute.  Therefore, the Court approves the parties' proposed FLSA settlement.  The Court will enter a separate order dismissing this lawsuit with prejudice.

**DONE** and **ORDERED** this October 3, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE